## COCKS et al. v. RIP VAN WINKLE WALL BED CO. et al.

Circuit Court of Appeals, Ninth Circuit.
November 12, 1928.

No. 5503.

Wm. L. Connor, of Los Angeles, Cal., for appellants.

John H. Miller and A. W. Boyken, both of San Francisco, Cal., and Raymond Ives Blakeslee, of Los Angeles, Cal., for appellees.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge. ■ The appellants seek the reversal of a decree of the court below which dismissed their complaint in a suit wherein they charged the appellees with infringement of claims 6 and 7 of letters patent No. 1,170,478, issued February 1, 1916, to Edgar Cocks for a door bed. The invention was described as particularly pertaining to the mounting of a door bed, and its objects were declared to be two: First, to provide a mounting for a folding bed, whereby the latter can be swung from one side to the other of a door opening independent of the door, and be positioned parallel to the wall on either side thereof; second, to provide a mounting for a folding bed, which will permit of its being swung in and out of a closet through the door opening thereof, which will permit the door opening being open or closed both when the bed is in the room or in the closet without operating the bed mounting. These objects are accomplished by means of certain mechanism

termed the "bed mounting." The door is not included as an element. Say the specifications: "The invention primarily resides in a pair of arm members pivoted on the inner face of the door casing, a pair of pivotally connected links pivoted to each of said arms, a folding bed frame carried by the outermost of said links, and a planetary gear mechanism operating on the arms and links, whereby the bed may be swung from one side of a door opening to the other and be disposed parallel with the wall on either side thereof." Claim 6 is as follows: "A folding bed mounting comprising the combination with a wall having an opening therein, of a pair of arms pivoted near one side of the opening, a bed frame, pivotal connection between said bed frame and arms, and a gear mechanism acting on said arms and pivotal connections for controlling the movements of the bed frame and arms in relation to each other." Claim 7 adds: "An arcuate toothed rack arranged concentric with the pivotal mounting of one of said arms, a bed-supporting frame mounted on the outer ends of said arms for swinging movement in relation thereto, and gear mechanism engaging said rack and acting on the bed-supporting frame, whereby the rocking of said arms will effect a swinging movement of the bed-supporting frame in a definite path of travel."

The appellees' structure which is alleged to infringe presents a bed mounting which, unlike that of the appellants, cannot be swung from one side of the opening to the other independent of the door. It is pivotally attached to a centrally pivoted door, and while the opening referred to in the appellants' patent is of less width than the bed, the appellees' opening is of greater width than the bed, and whereas the appellants use but one door, the appellees necessarily use two. The appellees' bed mounting has no arm members pivoted on the inner face of the door casing. If it be assumed that there are arm members in their structure, they are rigidly fixed to the door itself and not pivoted on the inner face of the door casing. Their door pivot is approximately one-third the distance from one of the vertical sides of the opening. Nor have the appellees the two pairs of links of the appellants' patent, and it follows that the appellees' bed is not carried by the outermost of the links described in appellants' patent. Instead of the planetary gear mechanism of the appellants which is a system of six gears causing the pivoted members to move in definite paths of travel, the appellees use but two gears, and they do not operate to move the structure in a definite

path of travel, nor are they the equivalents of the planetary gear mechanism of the appellants. In short, the appellants' claims cannot be read upon the appellees' device.

The appellants contend that their combination is of a pioneer character, and that the claims thereof should be broadly construed. To that we cannot assent. The appellants' invention entered a field that was already well occupied. Before its date numerous combinations had been patented with a view to shifting folding beds through openings from one room to another, and they exhibit every element of the appellants' combination with the single exception of its mechanism of six gears. They show pairs of arms pivoted to the inner face of the door casing, bed mountings independent of doors, beds moving in a definite path of travel, and beds adapted to move in and out of closets leaving a clear passageway at all times. It is sufficient to refer to the patent issued to Murphy, No. 1,068,806, of July 29, 1913; the patent to Anderson, No. 1,086,744, issued February 10, 1914; the patent to Murphy, No. 1,030,201, issued June 18, 1912; and the patent to Murphy, No. 1,007,596, issued October 31, 1911.

But the appellants insist that one feature of their combination not anticipated by the prior patents is that none of said patents presents the idea which Cocks was the first to realize, the idea of providing a mounting means which would leave a clear passageway past the bed frame at all times both when the bed was in the closet and when it was in the room, and that as to that feature the invention is of a pioneer character. But the patent to Burns, No. 1,086,022 of date February 3, 1914, for a concealable bed, clearly shows anticipation of that feature. It describes a combination such that "when the bed is in the extended position or when it is withdrawn into the closet" the door can be closed, and when it is in the closet "ample room is afforded to enter the closet through the door."

▮ Another reason why the appellants' combination should not receive the construction due to a pioneer invention, but, on the other hand, should be strictly construed, is the fact that although the invention had been patented nearly ten years before the present suit was begun, it had not been utilized or placed upon the market but was still a paper patent. While the validity of a patent is not affected by its nonuser, Continental Paper Bag Co. v. Eastern Paper Bag Co., 210 U. S. 405, 28 S. Ct. 748, 52 L. Ed. 1122, the nonuser has a bearing on its construction, and

the courts are not disposed to give the same any broader scope than it is clearly required to be given, Westinghouse Elec. & Mfg. Co. v. Toledo, P. C. & L. Ry. Co. (C. C. A.) 172 F. 371; Wesel Mfg. Co. v. Printing Mach. Co. (D. C.) 218 F. 178; Kestner Evaporator Co. v. American Evaporator Co. (C. C.) 182 F. 844.

The decree is affirmed.