## DERNELL POTATO PRODUCTS CO. v. SNELLING.
### No. 201.

Circuit Court of Appeals, Second Circuit.
Feb. 17, 1930.

Brayton G. Richards, of Chicago, Ill. (C. P. Goepel, of New York City, E. C. Root, of Chicago, Ill., and Henry B. Staples, of Buffalo, N. Y., of counsel), for appellant.

John S. Powers, of Buffalo, N. Y., for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

This patent No. 1,199,124, granted September 26, 1916, for a new and useful improvement in food products, was held valid and infringed below. It consists of a process

of frying or cooking food products, especially potato chips, in grease or fat, and then entirely removing the absorbable grease or fat from the cooked products. This removal is accomplished, according to the teachings of the patent, by the use of ether, alcohol, butane, pentane, and petroleum ether. After the chips are cooked, they are soaked or washed in one of these solutions until all the grease is dissolved, and then the solvent is evaporated, leaving a dry desiccated product, which is entirely free from grease or fat in which it is cooked. The patent says:

"For this purpose, I preferably treat the cooked and drained potato slices with a hot, volatile solvent, until they are substantially degreased, and finally remove the solvent by warming the slices under sub-atmospheric pressure. In this manner, I produce desiccated and absolutely greaseless potato chips, which have a new and agreeable flavor, and which form an excellent breakfast food with sugar and cream. The greasy after-taste that is characteristic of ordinary potato chips is entirely absent. * * *

"An interesting feature of my process of making degreased fried food product is that the oil used for frying need not be an edible fat or oil, but may, with equally good results, be a mineral oil such as the light or heavy lubricating oils, or even melted paraffin wax. These oils are much cheaper than animal or vegetable fats, and their use is in no way objectionable, since they are entirely removed from the cooked products."

The claims in suit are 2, 3, 10, and 13. Claims 2 and 3 are specifically limited to degreasing the product; claim 2 specifically covering any starchy food material as a product and claim 3 being limited to potato as the material. Claim 10 calls for a starchy food product cooked with oleaginous material but substantially free therefrom, and claim 13 is for a fat free fried potato.

■ We need not consider the validity of this patent because we are convinced the appellant does not practice its teaching and does not infringe. Appellant manufactures potato chips, cooking them in grease, and then they are treated in a centrifugal machine in the presence of hot air for the purpose of draining or throwing off the surplus fat from the surface of the potato chip. After this is done, the chips still contain all the grease absorbable in cooking. In tests made, this was found to be satisfactorily established. The action of the centrifugal machine as actually used in appellant's plants has very little effect on the grease content of the chips.

The grease content was found to vary considerably, depending upon the quality of the potato as to porosity and original moisture contained, and also the position in the centrifugal machine. The time of action in the machine but slightly affects the degreasing. The appellant but drains the surface grease from the chips, as was recommended in cookbook receipts published over forty years ago. The description in the patent and the claims contemplate the removal of all or substantially all the grease. From the language of the patent as quoted above, the patentee intended by degreasing to produce an absolutely greaseless chip. It is not enough to say that, by the phrase, "fat free fried potato," the patentee intended through his description of the patent that the product contains no material amount of grease or fat. The description refers to the chips being substantially degreased when they are "desiccated and absolutely greaseless."

■ Claims of a patent must be construed in connection with the description thereof. Snow v. Lake Shore, etc., Co., 121 U. S. 617, 7 S. Ct. 1343, 30 L. Ed. 1004; Miller Rubber Co. v. Behrend (C. C. A.) 242 F. 515; 1900 Washer Co. v. Cramer (C. C. A.) 169 F. 629. Degreased is to deprive of grease. Funk & Wagnall's Standard Dictionary, 1922 Edition. In the appellant's chip, moreover, it appears that the only noticeable and objectionable grease, either to sight or taste, is the surface grease. It is this only which the appellant removes by the use of its centrifugal machine. In thus preparing its chips at its plants, the appellant is not practicing by any rule of equivalents, the removal of grease by the use of solvents. It is well established in this record that it was a common practice in cooking to remove, by draining, the fat from the surface which had not been absorbed by the heat of frying.

■ The appellant's patent has not been put to commercial use, and therefore it is not entitled to a construction of any broader scope than it is clearly required to be given. (Cont. Paper Bag Co. v. Eastern Paper Bag Co., 210 U. S. 414, 28 S. Ct. 748, 52 L. Ed. 1122; Cocks et al. v. Rip Van Winkle, etc., Co. (C. C. A.) 28 F.(2d) 921; Westinghouse E. & Mfg. Co. v. Toledo, etc., Ry. Co. (C. C. A.) 172 F. 371; Nat. Malleable Castings Co. v. Buckeye, etc., Co. (C. C. A.) 171 F. 847. Not only does the appellant use a different method of draining grease, but it is apparent that what it accomplishes is not a substantial identity of result in what the appellee would accomplish in preparing his food product

according to the teaching of his patent. For these reasons it is clear that the appellant does not infringe appellee's patent. Anakin Lock Wks. v. Dillon Lock Wks. (C. C. A.) 292 F. 45.

Decree reversed.